IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

FRANK McCLUNG and
FELICIA McCLUNG,

          Plaintiffs,

v.                               CIVIL ACTION NO. 3:18-1453

ECP INCORPORATED,
an Illinois Corporation, and
A-ONE DEALER SUPPLY, INC.,
d/b/a ADSCO COMPANIES,
an Ohio Corporation,

          Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Amended Motion to Remand. ECF No. 9. For the forgoing reasons, the Court **GRANTS** Plaintiff's motion. Furthermore, the Court **REMANDS** this case to the Circuit Court in Putnam County, West Virginia.

## I. BACKGROUND

Plaintiffs Frank and Felicia McClung filed the initial complaint against Defendants, ECP Inc. ("ECP") and A-One Dealer Supply, Inc. ("A-One"), in the Circuit Court of Putnam County, West Virginia on June 27, 2018. *Docket Sheet*, ECF No. 1-3. Both Defendants accepted service of process on October 18, 2018. *Id.* ECP removed this case to federal court on November 16, 2018, claiming the Court has diversity jurisdiction. *Notice of Removal*, p. 2, ECF No. 1. ECP did not allege that Defendant A-One consented to removal, nor was A-One's counsel included on the certificate of service. *Id.* Plaintiff responded by filing the present Motion to Remand. *Am. Mot. Remand*, ECF No. 9.

## II. LEGAL STANDARD

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over all civil actions between citizens of different states, where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1)–(2).

Section 1446 of United States Code provides the procedure by which a defendant may remove a case to a district court. The party filing a notice of removal carries the burden of alleging and demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008). Jurisdiction must be established by a preponderance of the evidence. *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D.W. Va. Aug. 26, 2009) (internal citations omitted). In the interest of state sovereignty, a court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

"In general, all defendants must join in the notice of removal." *Lloyd v. Cabell Huntington Hosp., Inc.*, 58 F. Supp. 2d 694, 697 (S.D.W. Va. 1999). "This so-called 'rule of unanimity' does not require all defendants to sign a single joint notice of removal, but it does require each 'to register to the Court its official and unambiguous consent to a removal petition filed by a co-defendant within the thirty day window afforded by 28 U.S.C. § 1446(b).'" *Id.* (*citing Stonewall Jackson Memorial Hosp. v. American United Life Ins. Co.,* 963 F.Supp. 553 (N.D.W.Va.1997) (internal citations omitted)); *see also Wilkins v. Correctional Medical Sys.,* 931 F.2d 888, 1991 WL 68791 at *2 n. 2 (4th Cir. May 3, 1991) (unpublished) ("[T]here is no federal jurisdiction when one of the defendants fails to join in, file his own, or officially and unambiguously consent to, a removal petition within 30 days of service.").

## III. DISCUSSION

To remove this case to federal court, all defendants needed to consent to removal within thirty days of their service on October 18, 2018. Though ECP filed removal within that time period, it failed to indicate that its co-defendant, A-One, consented to removal. While defendants do not need to consent in a single filing, A-One was then required to independently join within the same, initial thirty-day period by filing directly with the Court. A-One did not file anything with this Court until December 18, 2018. ECF No. 10. When confronted with this failure, counsel for ECP merely states "the undersigned has spoken to counsel for A-One Dealer Supply and has obtained their consent for removal to federal court." *Resp. Am. Mot. Remand*, p. 3, ECF No. 11. This claim does not allege that ECP had the consent of A-One upon filing and reads as if consent was received subsequent to the filing of the motion to remand.

Here, the Court finds Defendants have offered no allegation or evidence of properly filed consent to removal and have failed to carry the burden of proof that their removal was sufficient and timely. As such, the Court lacks jurisdiction and must remand this case.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff's Amended Motion to Remand (ECF No. 9) is **GRANTED**. The Court **REMANDS** the case to the Circuit Court in Putnam County, West Virginia and **ORDERS** the case to be removed from the docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties, and a certified copy to the Clerk of the Circuit Court of Putnam County, West Virginia.

ENTER: February 5, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE